STATE EX REL. LANGLAND, Appellant, vs. MANEGOLD and others, Respondents.

*March 15—April 11, 1916.*

*Constitutional law: County offices created after adoption of constitution: Appointment by governor.*

In ch. 402, Laws 1915,—providing for a board of administration in counties of 250,000 inhabitants or more to manage and control certain county institutions,—the provision that two of the five members of such board shall be appointed by the governor of the state does not contravene sec. 9, art. XIII, Const. The members of the board, being officers whose offices have been created by law subsequent to the adoption of the constitution, may, as provided in said section, "be elected by the people or appointed, as the legislature may direct."

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a general demurrer to plaintiff's complaint.

*Paul D. Carpenter,* attorney, and *Charles W. Stark, Jr.,* of counsel, for the appellant.

For the respondents there was a brief by *Winfred C. Zabel,* district attorney, *William L. Tibbs,* special assistant district attorney, and *Daniel W. Sullivan,* assistant district attorney, and oral argument by *Mr. Tibbs* and *Mr. Sullivan.*

ROSENBERRY, J. This action was one in the nature of *quo warranto* to test the constitutionality of ch. 402, Laws 1915 as amended. The act in question is entitled "An Act to repeal [certain sections and creating certain other sections], to provide for a board of administration in counties of two hundred and fifty thousand inhabitants or more to manage and control the county almshouse, the hospital for destitute sick persons, the poor farm, county waterworks, department for outdoor relief, hospital for insane, asylum for chronic insane, home for

dependent children, and the school of agriculture and domestic science; and providing a penalty."

Sec. 2 of the act provides that in the counties specified and under the conditions enumerated the county board "shall elect by ballot three persons and the governor shall appoint two persons to act, and be known as a board of administration, and shall have charge of such county hospital, county poor farm," etc. It prescribes their qualifications, how vacancies shall be filled, that they shall take a prescribed oath, and the manner in which they may be removed and by whom.

The duties of the board of administration are substantially those imposed upon the county trustees created by ch. 94, Laws 1905, the constitutionality of which was sustained in *State ex rel. Busacker v. Groth,* 132 Wis. 283, 112 N. W. 431. The provision of ch. 402, Laws 1915, providing that two members of the board of administration may be appointed by the governor is said to contravene the provisions of sec. 9, art. XIII, of the constitution of this state, which is as follows:

"All county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the boards of supervisors or other county authorities, as the legislature shall direct. All city, town and village officers whose election or appointment is not provided for by this constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose. All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed, as the legislature may direct."

It is plain that the members of this board are officers whose offices have been created by law subsequent to the time of the adoption of the constitution, and therefore may be "elected by the people or appointed, as the legislature may direct." The office is one not mentioned in the constitution and not in existence at the time of the adoption of the constitution, but is an

entirely new office, the duties and functions of which can scarcely be said to have had any existence at the time of the adoption of the constitution except in a rudimentary form. The makers of the constitution left to the legislature the power to meet changing conditions by the enactment of statutes creating new county officers and prescribing their duties and the manner in which they should be elected or appointed. The provisions of this act by which the power of appointing two members of the board of administration is vested in the governor of the state seems to be not only within the spirit but within the exact letter of the constitution. *State ex rel. Williams v. Samuelson,* 131 Wis. 499, 111 N. W. 712; *State ex rel. Gubbins v. Anson,* 132 Wis. 461, 112 N. W. 475; *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164.

*By the Court.*—Order affirmed.