State ex rel. Regez, Respondent, vs. Blumer, Appellant.

*October 10—November 8, 1940.*

The cause was submitted for the appellant on the brief of *Blum & Blum* of Monroe, and for the respondent on that of *Rudolph P. Regez* of Monroe.

FOWLER, J.   The district attorney of Green county, on leave of the court first granted, brings this action to abate as a public nuisance, on the ground that it constitutes a lottery, a practice of the defendant described in the complaint substantially as follows : The defendant operates a drugstore in the city of Monroe.   He canvassed the city and procured the names of several thousand citizens who by their consent became registrants for participation in a scheme designated by defendant as the "Multiple Dividend Plan."   Each registrant wrote his name on an individual card containing his address which was placed in a receptacle in the drugstore. No fee was charged and no purchase at the store was required for registration.   Persons not secured by the canvassers could become registrants by going to the store and signing a like card, or anyone could get a like card signed by another person and leave it at the store and such other person became a registrant.   Each day, except Sundays and holidays, the defendant puts up $2 to be given away to the registrants pursuant to a drawing.   Each day at 9 a. m. $1 is put in each of two pools, two cards are drawn from the receptacle, and before noon of the day the place of the registrant's address is visited.   If the registrant whose name is drawn did not procure a daily coupon the day previous the $1 is put back in the pool.   The process is continued daily until the registrant whose name is on the card drawn is found at his address or can be located and has at his address or on his person a daily coupon procured the previous day or has signed such coupon and left it at the drugstore.   If the registrant whose name is drawn procured a daily coupon the previous day but he has

not been found or located or has not left such coupon at the store, the name is posted and the dollar is added to the sum in the pool. The process is continued daily until a registrant's card is drawn who is entitled to be paid the sum in the pool. To get a daily coupon the registrant must go to the store, when on request one is given him free of charge, and he is not required to buy anything to get it. It is alleged that the effect of the scheme is to get persons to go to the store and there purchase goods who would not have done so but for participation in the scheme, and that the increased patronage thereby procured supports the scheme. It is also alleged that the continued operation of the scheme "tends to demoralize winners" and results in "injury to the habits and morals of the people of Monroe and the surrounding country; and that the practice is a wilful violation" of the antilottery provisions of our state constitution and the statute of the state and "affects thousands of citizens."

The case differs from that of *State ex rel. Cowie v. La Crosse Theaters Co.* 232 Wis. 153, 286 N. W. 707, only in degree. It was there held that the "Bank night" scheme there involved constitutes a lottery; that for a scheme to constitute a lottery only three things are necessary: A prize, a chance, and a consideration; and that a place where a public statute is openly, publicly, consistently, persistently, and intentionally violated constitutes a public nuisance which will be abated at the suit of a citizen brought upon permission granted by the court. The statutes and constitutional provisions here involved are the same ones considered in the *La Crosse Case, supra,* and the effects of the operation of the scheme, which are admitted by the demurrer, are alleged to be substantially the same as those there alleged. It is manifest that we have here the prize and the chance. The only remaining element of a lottery is a consideration. The trial court was of the opinion that the facts of the registrants' going to the store each day to get the daily coupon, and that the operation of

the scheme paid the defendant or he would not operate it, constitute a consideration. Consideration consists in a disadvantage to the one party or an advantage to the other. We here have both. No good purpose would be served by repeating the arguments of the parties pro and con or the reasons which formed the basis of the *La Crosse Case, supra.*

*By the Court.*—The order of the circuit court is affirmed.