STATE, Respondent, vs. LAVEN, Appellant.

*June 3—June 28, 1955.*

528

For the appellant there were briefs by *Lees & Bunge* and *John S. Coleman,* all of La Crosse, and oral argument by *Mr. Coleman.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *George Thompson, Jr.,* district attorney of La Crosse county, and oral argument by *Mr. Platz.*

BROWN, J.   Sec. 348.01 (1), Stats., appears as ch. 138, sec. 1, R. S. 1849, and as sec. 4523, R. S. 1898. It was in force and effect, as sec. 348.01, in 1939 when we held in *State ex rel. Cowie v. La Crosse Theaters Co.* (1939), 232 Wis. 153, 286 N. W. 707, that "Bank Night," as conducted by a theater, constituted the operation of a lottery within the prohibition of that statute. In 1940, in *State ex rel. Regez v. Blumer,* 236 Wis. 129, 294 N. W. 491, we held that a merchant's scheme to increase sales by a "Multiple Dividend Plan" was likewise a lottery under the same statutory and constitutional provisions that applied to the *Cowie Case, supra.*

In these cases we said that a lottery involves three elements,—prize, chance, and a consideration (*Cowie Case, supra,* at page 158), and consideration consists in a disadvantage to the one party or an advantage to the other. (*Regez Case, supra,* at page 132.) Those elements and that

consideration are obviously present in appellant's "Banko" operation and his brief makes the unavoidable concession, "Under that definition 'Banko' admittedly would be a lottery." In 1951, as appellant points out, the legislature enacted sec. 348.01 (2), Stats. This is, indeed, a peculiar statute. "Banko," in itself, is an admitted lottery, illegal as such under sec. 348.01 (1), but when the voices and images of the players are picked up and broadcast by radio or television, sub. (2) purports to work a transformation. What was a lottery a moment before ceases to be one when the electric current is turned on. Or, if it is still a lottery it is one which has the approval of the legislature.

We agree with appellant's comment, "[The] purpose and intent of the Wisconsin legislature in passing sec. 348.01 (2) was to permit games such as 'Banko' to be played through the media of radio and television" and it is by virtue of such permission that he contends his operation of "Banko" is legal. As defined by Webster, "to permit" and "to authorize" are synonymous. Wisconsin Const., sec. 24, art. IV, declares: "The legislature shall never authorize any lottery, . . ." So appellant's own justification of his activity falls foul of a constitutional prohibition. He relies on an authorization which the constitution declares the legislature may not give him.

Our conclusion is, then, that sec. 348.01 (2), Stats., authorizes some lotteries under some conditions and is void because it violates sec. 24, art. IV of the state constitution. This leaves the remainder of the statute as it stood when the *Cowie* and *Regez Cases, supra,* were decided. Under the stipulation of facts and appellant's own admission, "Banko" is so similar to the schemes which we considered in those cases that it constitutes the operation of a lottery and the judgment of the court and resulting sentence must be affirmed.

*By the Court.*—Judgment and sentence affirmed.