KAYDEN INDUSTRIES, INC., Respondent, v. MURPHY, Appellant.

*April 11—May 9, 1967.*

[24] *Grosso v. Wittemann, supra,* footnote 6, at page 20.

720

721

For the appellant the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

For the respondent there was a brief by *Grootemaat, Cook & Franke,* attorneys, and *Harry F. Franke, Francis R. Croak,* and *Robert A. Nuernberg* of counsel, all of Milwaukee, and oral argument by *Mr. Croak.*

BEILFUSS, J. The principal issues are:

(1) Is the 1965 amendment to sec. 24, art. IV of the Wisconsin constitution self-executing?

(2) Did the subsequent legislative acts effectively reestablish the prohibition against the type of game sold by the plaintiff?

The problem confronting the court is the construction of a constitutional amendment and the related statutory enactments.

The original constitutional provision (sec. 24, art. IV) which stood unamended until 1965, provided as follows:

**"Lotteries and divorces.** Section 24. The legislature shall never authorize any lottery, or grant any divorce."

In April of 1965, the voters of Wisconsin adopted an amendment designed to permit specified types of lotteries. Sec. 24, art. IV, Const., as amended, now provides:

"The legislature shall never authorize any lottery, or grant any divorce. Except as the legislature may provide otherwise, to listen to or watch a television or radio program, to fill out a coupon or entry blank, whether or not proof of purchase is required, or to visit a mercantile establishment or other place without being required to make a purchase or pay an admittance fee does not constitute consideration as an element of a lottery."

The legislature, the courts, and the attorney general of Wisconsin have traditionally taken a restrictive view of games, schemes, and plans involving a prize, chance, and consideration, condemning them as lotteries prohibited by the constitution.

Prior to the 1965 amendment the definition of a lottery under sec. 24, art. IV, and the concrete application of that definition, was left to the courts. The leading modern case, *State ex rel. Cowie v. La Crosse Theaters Co.* (1939), 232 Wis. 153, 286 N. W. 707, involved a "bank night" scheme whereby registrants and theater patrons were given a chance to win cash prizes on a drawing regardless of whether they had purchased a theater ticket. The court first reiterated the long-standing common-law rule that a lottery involves three ele-

ments—a prize, chance, and a consideration. Since the theater scheme admittedly involved the first two elements, the only question was whether it involved consideration. This court held that furnishing of free chances, even though without the requirement of a paid admittance fee, was consideration and that the scheme was therefore a lottery forbidden under sec. 24 of art. IV. *Cowie, supra,* at page 159.

*State ex rel. Regez v. Blumer* (1940), 236 Wis. 129, 294 N. W. 491, involved a plan whereby a drugstore gave away money to persons whose names were drawn from a card list of registrants, although no fee was charged and no purchase was necessary for registration. We held the plan was a lottery because the elements of prize and chance were manifestly present, and the element of consideration was supplied by the requirement that registrants were required to visit the store to register, even though no purchase was required. The general definition of consideration for use in lottery cases was stated to be:

"Consideration consists in a disadvantage to the one party or an advantage to the other." *Regez, supra,* at page 132.

One short-lived exception was old sec. 348.01 (2), Stats., passed by the 1951 legislature, which provided that listening to or watching television or radio shows were not consideration.

In the early 1950's the legislature began its work on the revision of Wisconsin's criminal laws which eventually bore fruit with the adoption of the Criminal Code in 1955. The 1953 draft of the code contained proposed sec. 345.01 (2) relating to lotteries, which provided:

"LOTTERY. (a) A lottery is an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance.

"(b) 'Consideration' in this subsection means anything which is a commercial or financial advantage to the promoter or a disadvantage to any participant. But listening to or watching radio and television shows and doing such incidental things as answering the telephone or making a telephone call are not consideration." Wisconsin Legislative Council Reports, 1953, Vol. V, p. 151.

The legislative council attached this comment to the proposed subsection:

"Subsection (2) defines a lottery which, like a bet, is a wagering contract. It is defined and treated separately because it is a common type of gambling and because the constitution specifically prohibits the legislature from authorizing a lottery. Wis. Const. Art. IV, sec. 24. A lottery differs from an ordinary wager in that it always involves mass participation. Subsection (2) (b) defines the term 'consideration'. The first sentence of this definition is a restatement of the rule laid down by the supreme court. *State ex rel. Regez v. Blumer,* 236 Wis. 129, 294 N. W. 491 (1940); *State ex rel. Cowie v. La Crosse Theaters Co.,* 232 Wis. 153, 286 N. W. 707 (1939); 40 Ops. Atty. Gen. 438 (Wis., 1951). Under it, requiring participants to register each day at a drug store has been held to be consideration. *State ex rel. Regez v. Blumer, supra.* The proviso which exempts listening to or watching a radio or television show from the category of consideration is a restatement of an amendment to the lottery law passed by the 1951 legislature. Laws 1951, c. 463." Wisconsin Legislative Council Reports, 1953, Vol. V, pp. 152, 153.

Before the final passage of the Criminal Code this court decided *State v. Laven* (1955), 270 Wis. 524, 71 N. W. (2d) 287, wherein we held that sub. (2) of sec. 348.01, Stats. 1953, passed in 1951, and relating to watching or listening to radio and television, was void as violating sec. 24, art. IV of the Wisconsin constitution. As a consequence of *Laven,* the final sentence of the proposed lottery section relating to radio and television was omitted from the Criminal Code as passed in 1955.

In 1963, the legislature did attempt to modify *Laven* as it might affect some free contests.[2]

Thus prior to the adoption of the 1965 amendment, the Wisconsin statutes contained the following provision with respect to lotteries:

"945.01 (2) LOTTERY. (a) A lottery is an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance, even though accompanied by some skill.

"(b) 'Consideration' in this subsection means anything which is a commercial or financial advantage to the promoter or a disadvantage to any participant, but does not include any advantage to the promoter or disadvantage to any participant caused when any participant learns from newspapers, magazines and other periodicals, radio or television where to send his name and address to the promoter."

It is apparent that this statute was a mere codification of the interpretation given to sec. 24, art. IV of the constitution by the court. The legislative council report indicates that the legislature consciously restated the substance of *Cowie* and *Regez, supra,* in its original draft. The definition of consideration is taken directly from the language of *Regez.* In addition, the elimination of and subsequent change in the sentence regarding radio and television is a restatement of the interpretation given the constitution by *Laven, supra.*

The foregoing is the historical context in which the people passed the following amendment to sec. 24 of art. IV of the constitution in April, 1965:

"Except as the legislature may provide otherwise, to listen to or watch a television or radio program, to fill out a coupon or entry blank, whether or not proof of

---

[2] Ch. 122, Laws of 1963. The validity of this attempt to circumscribe *Laven* was doubtful, though the question was never decided by the court.

purchase is required, or to visit a mercantile establishment or other place without being required to make a purchase or pay an admittance fee does not constitute consideration as an element of a lottery."

After adoption of the amendment, the 1965 legislature enacted ch. 122, Laws of 1965, which provided:

"Published
June 29, 1965.

"Chapter 122

"An act to renumber 945.01 (2) (b) ; and to create 945.01 (2) (b) 2 of the statutes, relating to implementing the recent constitutional change by redefining consideration as an element of a lottery.
"The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:
"Section 1. 945.01 (2) (b) of the statutes is renumbered 945.01 (2) (b) 1.
"Section 2. 945.01 (2) (b) 2 of the statutes is created to read:
"945.01 (2) (b) 2. To listen to or watch a television or radio program, to fill out a coupon or entry blank, whether or not proof of purchase is required, or to visit a mercantile establishment or other place without being required to make a purchase or pay an admittance fee does not constitute consideration under this subsection.
"Approved June 24, 1965."

Later, in the same session, the legislature repealed ch. 122 and created ch. 654, which provides:

"Published
August 11, 1966.

"Chapter 654

"An act to repeal and recreate 945.01 (2) (b) 2 of the statutes, as created by chapter 122, laws of 1965, relating to consideration as an element of lottery.
"The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:
"945.01 (2) (b) 2 of the statutes, as created by chapter 122, laws of 1965, is repealed and recreated to read:

"945.01 (2) (b) 2. In any game, drawing, contest, sweepstakes or other promotion, none of the following shall constitute consideration under this subsection:

"a. To listen to or watch a television or radio program.

"b. To fill out a coupon or entry blank which is received through the mail or published in a newspaper or magazine, if facsimiles thereof are acceptable.

"c. To furnish proof of purchase if the proof required does not consist of more than the container of any product as packaged by the manufacturer, or a part thereof, or a facsimile of either.

"d. To send the coupon or entry blank and proof of purchase by mail to a designated address.

"Approved July 1, 1966."

The plaintiff brought this action for a declaration of its rights under the 1965 amendment and under chs. 122 and 654 of the Laws of 1965, contending that the constitutional amendment repealed prior inconsistent statutory and common law interpreting the unamended sec. 24 of art. IV, and was self-executing. The plaintiff argues that promotional bingo game is not an illegal lottery until the legislature "otherwise provides." The defendant contends that the constitutional amendment was not self-executing and that the old law of lottery continued inviolate after the 1965 amendment was passed until the legislature enacted ch. 122, at which time certain games, including plaintiff's promotional bingo, became legal. The defendant further argues that when the legislature repealed ch. 122 and enacted ch. 654, the old law was revised so as to make plaintiff's promotional bingo game again illegal.

A paramount rule of construction of constitutional amendments is set forth in *State ex rel. Ekern v. Zimmerman* (1925), 187 Wis. 180, 184, 204 N. W. 803:

"The purpose of construction of a constitutional amendment is to give effect to the intent of the framers and of the people who adopted it; 'and it is a rule of construction applicable to all constitutions that they are to

be construed so as to promote the objects for which they were framed and adopted.' [Case cited.] 'But the intent is to be ascertained, not alone by considering the words of any part of the instrument, but by ascertaining the general purpose of the whole, in view of the evil which existed calling forth the framing and adopting of such instrument, and the remedy sought to be applied; and when the intent of the whole is ascertained, no part is to be construed so that the general purpose shall be thwarted, but the whole is to be made to conform to reason and good discretion.' [Case cited.] With these general provisions of construction in mind, we will proceed to ascertain the intent of the legislature and of the people in passing upon this constitutional amendment."

Given the historical context and the particular language of the 1965 amendment, then, it is quite evident that the overall purpose of the 1965 amendment was to remove the constitutional obstacle to the conduct of the kinds of activities forbidden by *Cowie, Regez* and *Laven, supra,* under the original sec. 24 of art. IV, Const.

Under *Ekern,* the court must interpret the amendment so as to give effect to this general purpose of the amendment as a whole.

The general purpose of the amendment is clear. But the real issue in this case is whether the amendment itself removed the old constitutional obstacle to these activities, or whether the amendment merely permitted the legislature, if and when it wished, to change the effect of *Cowie, Regez* and *Laven,* meanwhile leaving the old law in effect. In other words, the central issue is whether the 1965 amendment to the constitution is self-executing. This question, because it only concerns the procedure or means by which the amendment would effect the change in the substantive law required by the general purpose, is not readily answerable in terms of the overall purpose of the amendment under the *Ekern* approach. To properly decide this question we must first look to the language of the amendment.

On its face the amendment is simply a change in the substantive law of the state, though of constitutional dignity, by means of a legal definition in the technical terms of lottery law. Three activities—"to listen to or watch a television or radio program, to fill out a coupon or entry blank, whether or not proof of purchase is required, or to visit a mercantile establishment or other place without being required to make a purchase or pay an admittance fee"—no longer constitute consideration as an element of a lottery in Wisconsin. The main structure of the amending sentence is modified by the adverbial clause, "except as the legislature may provide otherwise." This clause plainly authorizes the legislature, in its discretion, to impose restrictions upon the change in substantive law which the amendment effects.

The established rule is that constitutional amendments which deal with the substantive law of the state are presumed self-executing in nature and prospective in effect, and that such amendments repeal inconsistent statutes and common law which arose under the constitution before the amendment.

"A constitutional provision is self-executing if no legislation is necessary to give effect to it, and if there is nothing to be done by the legislature to put it in operation. A constitutional provision contemplating and requiring legislation is not self-executing." 16 Am. Jur. (2d), Constitutional Law, p. 280, sec. 94.

"While a constitution need not provide the details for its operation, with the object of putting it beyond the power of the legislature to render such provisions nugatory by refusing to pass laws to carry them into effect, as stated in Corpus Juris, it is within the power of those who adopt a constitution to make some of its provisions self-executing, and where the matter with which a given section of the constitution deals is divisible, one clause thereof may be self-executing and the other clause or clauses may not be self-executing.

"A provision is self-executing when it can be given effect without the aid of legislation and there is nothing

to indicate that legislation is contemplated in order to render it operative, as stated in Corpus Juris, constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed." 16 C. J. S., Constitutional Law, p. 143, sec. 48.

Under these general rules the 1965 amendment is self-executing and prospective only in effect. No intention to make the amendment retrospective in operation is clearly apparent from its terms.

Our conclusion that the amendment is self-executing is especially supported by its own plain language. The amendment effects a change in substantive law, which is presumed to be prospective in effect. This prospective effect plainly applies to the permission to the legislature, which contemplates that the legislature may cut back the constitutional definition if it wishes. This is the plain meaning of the amendment. Where there is no ambiguity in the literal terms of the provision under consideration there is no room for judicial construction. *State ex rel. Neelen v. Lucas* (1964), 24 Wis. (2d) 262, 267, 128 N. W. (2d) 425, and cases cited therein. And the court may not venture outside the plain meaning of a provision in order to create an ambiguity and then resolve the ambiguity by what it finds outside. *Estate of Ries* (1951), 259 Wis. 453, 459, 49 N. W. (2d) 483, 50 N. W. (2d) 397. The only general exception to the above rules of construction is that the court may construe a provision whose meaning is clear if a literal application of the provision would lead to an absurd or unreasonable result. *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. (2d) 282, 289, 290, 120 N. W. (2d) 151.

The defendant herein contends that the legislature's action in enacting chs. 122 and 654 would be absurd if the 1965 amendment is deemed self-executing and prospective in effect because those two chapters would

under this view make no change in the substantive law of the state. This argument must fail. The fact that a statute may have no substantive effect upon the law of the state can hardly be advanced as an absurdity by the defendant because the heart of the defendant's case is the definition of consideration contained in the Criminal Code under sec. 945.01, Stats. When the legislature enacted this provision it worked no change in the substantive law of the state, for it merely codified the constitution as interpreted by the court. How it is any more absurd for the 1965 legislature to have codified some of the language of the constitutional amendment is not readily perceived. The fact that a constitutional provision happens to be repeated in the statute does not alter its constitutional thrust.

It is also significant that legislatures of two successive sessions, including the 1965 legislature, to begin the amendment process, adopted a resolution setting forth the substance of the amendment. It does not seem necessary that it do so a third time to give effect to the amendment.

It may be said without citation of authority that the constitution or a constitutional amendment is of the highest dignity and prevails over legislative acts and court rule to the contrary.

Constitutional pronouncements should be self-executing unless the language is ambiguous or legislative action is required to give effect to the constitutional provision.

In this instance there can be no doubt that the intention of the voters, by means of the constitutional amendment, was to narrow the definition of consideration so as to permit certain types of activities theretofore classified as lotteries. There is no ambiguity in the language of the amendment. The types of activities that were to be exempt from the lottery condemnation are clearly defined. The fact that the amendment also provided "except as the legislature may provide otherwise" does

not make the language of the classification of activities ambiguous. After the effective date of the amendment the activities described in the amendment did not constitute consideration for lotteries purpose except, unless, or until the legislature did provide otherwise, notwithstanding any prior statute or court decision. The legislature was only given the discretion to act. If it did not or until it did the activities described in the amendment were legally permissible. In our opinion the amendment was self-executing.

The plaintiff argues with some degree of logic that the two subsequent statutory enactments (chs. 122 and 654 of the Laws of 1965) in no way affect the games it sold because the statutory amendment is self-executing. It reasons that ch. 122 simply restates the amendment in identical language and that ch. 654 does not provide that a "visit to a mercantile establishment or other place without being required to make a purchase or pay an admission fee" constitutes consideration and, therefore, this type of activity is protected by the constitutional amendment. It further argues that if the legislature intended that this type of activity was to constitute consideration for lottery purposes it only had to so provide.

We do not agree with this conclusion. By the terms of the amendment itself the legislature was given the authority to alter the effect of the amendment insofar as it concerned any or all of the specific activities enumerated therein.

The legislature did in fact act (ch. 122) in June of 1965. Ch. 122 reenacted the general lottery prohibition contained in sec. 945.01 (2), Stats. 1963, and added the exempted acts in the identical language of the constitutional amendment. Although we have concluded that the amendment was self-executing and therefore the identical listing of the exemptions by the legislature superfluous, the fact remains that the legislature did act. Ch. 122 was at least a reassertion of the legisla-

ture's intention that the described activities should not be consideration for lottery purposes. Within the same session, on July 1, 1966, the same legislature repealed ch. 122 and enacted ch. 654. The striking difference between the chapters is that ch. 654 enumerates several activities described in the amendment but omits "visit to a mercantile establishment or other place without being required to make a purchase or pay an admission fee" from the described activities that do not constitute consideration for lottery purposes.

In view of this legislative history, we must conclude that the legislature did exercise its discretion as provided by the constitutional amendment and did intentionally eliminate the "visit to a mercantile establishment or other place without being required to make a purchase or pay an admission fee" from the activities declared not to constitute consideration for lottery purposes.

Sec. 24, art. IV, Const., and sec. 945.01 (2) (b) 1 and 2, Stats., as they now stand, are sufficiently clear and fair warning that a visit to a mercantile establishment or other place without being required to make a purchase or pay an admission fee and engage in a game with a prize and a chance is not an activity that is exempt from a lottery prosecution.

We are of the opinion that the complaint does not state facts sufficient to constitute an action and that the demurrer should have been sustained.

*By the Court.*—Orders reversed, and cause remanded with directions to quash the temporary injunction.

CURRIE, C. J. (*concurring in part and dissenting in part*).

While I concur in the result, I must respectfully dissent from that part of the opinion which holds that the words of the constitutional amendment, "Except as the legislature may provide otherwise," is confined to

prospective action of the legislature. I am of the opinion that these words have reference to any inconsistent action of the legislature whether taken before or after the adoption of the amendment.

As I construe the amendment, it merely made it clear that the constitution does not require that a visit to a mercantile establishment or other place be deemed consideration for purposes of defining a lottery, but leaves it to the legislature to adopt a definition of consideration which would include a visit to a mercantile establishment or other place. The legislature had previously done this by its adoption of the Criminal Code in 1955 containing the definition of consideration contained in sec. 345.01 (2) (b), Stats. The constitutional amendment did not modify such legislative definition.

This view of the effect of the constitutional amendment makes it relatively easy to arrive at the interpretation of sec. 945 (2) (b) 1 and 2, Stats., as changed by ch. 645, Laws of 1965, placed thereon by this court's opinion. Ch. 645 merely restored the status that continued to exist up until the enactment of ch. 122, Laws of 1965, with respect to a visit to a mercantile establishment or other place constituting consideration.

I am authorized to state that Mr. Justice WILKIE joins in this concurring-dissenting opinion.

HALLOWS, J. (*dissenting*). We agree that the amendment to the constitution is self-executing and thus overrode the existing definition of consideration in the Criminal Code. Thus the only issue is whether ch. 654 is such a positive enactment under the power conferred upon the legislature under the amendment as to change what the constitution declares to be the public policy of the state.

I do not think the language of ch. 654, Laws of 1965, evinces an intention that visiting a mercantile estab-

lishment without being required to make a purchase or pay an admission fee constitutes consideration as an element of a lottery; if the legislature intended such a definition it did not say so. Ch. 654 does not mention visiting a mercantile establishment. In stating that visiting a mercantile establishment did not constitute consideration as an element of lottery, ch. 122 did no more than repeat the constitutional amendment. Thus when ch. 654 repealed ch. 122, no implementation of the constitutional provision was made and the constitution's definition remained unaltered. The failure in ch. 654 to include any reference to "visiting a mercantile establishment" is not the equivalent of positive legislation that such visiting constitutes consideration for purposes of lottery. The failure to repeat what was already in the constitution is not tantamount to the enactment of positive legislation implementing the constitution. Since the constitution affirmatively and positively states what is not consideration as an element of lottery and grants to the legislature the power to change it, such change by the legislature cannot be made by implication but must be made by a positive and clear enactment, otherwise the constitution stands.

Additionally, crimes and penal statutes may not be created by implication. The nature and the penalty of a crime must be so clearly defined and enacted so that no ordinary person can fail to understand the existence of the law and its meaning. *Brown v. State* (1909), 137 Wis. 543, 119 N. W. 338; *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. (2d) 609, 143 N. W. (2d) 437. The enactment of ch. 654 is an example of what this court had in mind in *State ex rel. Neelen v. Lucas* (1964), 24 Wis. (2d) 262, 268, 128 N. W. (2d) 425, when we said "the meaning [of a statute] must be read from the language chosen by the legislature, and the courts are not free to determine whether different pro-

visions would have been enacted if the legislators had given some or greater attention to the application of the statute upon a particular set of facts."

As was said by Mr. Justice BARNES in his dissent in *State ex rel. Husting v. Board of State Canvassers* (1914), 159 Wis. 216, 243, 150 N. W. 542,

"It would have been better had the legislature re-modeled some other election statutes at the time it passed this one, to preserve at least the appearance of harmony if nothing more.

"I fully realize that it is much easier to criticise laws after they are in working operation than it is to draft them when foresight is the only guide. Legislative pre-vision is at a disadvantage when pitted against judicial hindsight. But the responsibility for drafting statutes is placed with the legislature and must rest there. This court is not an upper house to work over legislative enactments and fashion them as the court imagines they would have been fashioned by the lawmaking power had it been confronted with the situation that confronts the court."

I respectfully dissent.