ROBERT RUSCH, District Attorney, Taylor County
You have requested my opinion as to the legality under the Wisconsin lottery laws concerning the conduct of a "silent auction." You describe a "silent auction" as follows:
An item of value, for example, a pie, is displayed to a gathering of people who have purchased admission for the alleged purpose of playing cards. After most of the people in attendance have played cards some of them remain to participate in the so-called "silent auction" at which an item of value, for example a homemade pie, is displayed to the gathering; anyone may submit a written bid for the pie. The winner is determined on the basis of the highest amount bid.
It is the rule in Wisconsin that a lottery requires three elements: "prize," "chance," and "consideration." Section 945.01
(2) (a), Wis. Stats. (1971); State ex rel. Cowie v. La CrosseTheatres Co. (1939), 232 Wis. 153, 286 N.W. 707. State ex rel.Regez v. Blumer *Page 123 
(1940), 236 Wis. 129, 294 N.W. 491; Kayden Industries, Inc. v.Murphy (1966), 34 Wis.2d 718, 150 N.W.2d 447. If all three of these elements are present, then the enterprise in question constitutes a lottery, which is unlawful regardless of the purpose for which it is conducted. State ex rel. Trampe v.Multerer (1940), 234 Wis. 50. However, if any one of the above elements is not present, then the enterprise is not a lottery.
With respect to the "silent auction" which you describe, I am of the opinion that it is not a lottery because, though the elements of "chance" and "consideration" are present, the element of "prize" is not present.
"Consideration" is defined by sec. 945.01 (2) (b) of the Wisconsin Statutes, as "anything which is a commercial or financial advantage to the promoter or a disadvantage to any participant." From this definition it is clear that "consideration" is present in the "silent auction."
The element of "chance" is also present. In order to win the bidding on an item in the "silent auction," a participant must take into account both what he is willing to pay for the item and what others are willing to pay. Since the auction is "silent" the participant has no way of knowing for certain what other participants are willing to pay. This uncertainty constitutes the element of "chance" present in the enterprise. As Mr. Justice Holmes has stated, "[w]hat a man does not know and cannot find out is chance as to him, and is recognized as chance by the law."Dillingham v. McLaughlin (1924), 264 U.S. 370, 373.
Though it may be thought that there is some skill — in the nature of a business judgment — involved in estimating what a particular item is worth and what others are willing to pay for it, there is obviously a large amount of guesswork involved. Guessing contests, even though they may involve some skill, are now almost uniformly held games of chance. 38 OAG 511, 512 (1949) and 37 OAG 126, 129 (1948), citing 34 Am. Jur. 656 andNational Conference on Legalizing Lotteries v. Farley (App.D.C. 1938), 76 F.2d 861, 863-4. Moreover, sec. 945.01 (2) (a) of the Wisconsin Statutes, defines "lottery" as an enterprise "wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance, eventhough accompanied by some *Page 124 skill" (emphasis supplied). Thus, any skill involved in the bidding cannot be viewed as negating the element of "chance" noted above.
In my opinion, however, the element of "prize" is not present in the "silent auction" that you have described. The high bidder on a particular item presumably is not given the item. Rather, he must pay the price which he has bid in order to receive it. In determining whether the high bidder has received a prize, both the value of the item and the purchase price must be considered. If the purchase price is arrived at in a manner designed to create a fair exchange of money for goods, I think it correct to view the value of the item received as being offset by the price paid, so that no "prize" is received by the purchaser. Since the secret bidding employed in the "silent auction" is a widely-recognized method of arriving at fair items of exchange, the items exchanged in such an enterprise should not be viewed as "prizes."
In summary, the "silent auction" contains the elements of "consideration" and "chance" necessary to constitute a lottery, but lacks the element of "prize." It does not, therefore, constitute a lottery under the Wisconsin lottery statutes.
RWW:WB