FRANK MEYERS, Division of Criminal Investigation, Department ofJustice
You have requested my opinion on several questions involving the effect of ch. 945, Stats., on the State of Michigan state-wide lottery. The questions you have raised are: (1) May Michigan lottery tickets be sold in Wisconsin under any circumstances; (2) May Michigan lottery tickets be possessed in Wisconsin; (3) Could a Wisconsin resident legally purchase Michigan lottery tickets through the mail; and (4) May a Wisconsin resident legally win and receive a prize in the lottery when he is in Wisconsin at the time of the drawing.
Michigan, as well as several other states, is currently operating a state-wide lottery under the control and supervision of its government. In Michigan, the state-wide lottery is conducted in essence as follows: A participant purchases a 50¢ ticket from an official sales outlet in Michigan; this ticket has two sets of numbers in two separate boxes located in the lower right-hand corner of the ticket; "Weekly Winning Numbers" are published at various places in Michigan; participants in the lottery must compare their numbers with those published numbers; if the numbers in either of the boxes correspond to the published "Weekly Winning Numbers," the ticket holder is the winner of a $25 prize; such a winner will turn in the winning ticket at a "Claim Center" and will receive a check for the $25 prize by mail after signing his name, address and other information at the "Claim Center"; all weekly winners who win the $25 receive a new number by mail and become eligible for a drawing for the $1 million prize and lessor prizes; if the numbers in both boxes correspond exactly with both "Weekly *Page 187 
Winning Numbers," the ticket holder is eligible for "The Super Drawing" which awards a grand prize of $200,000 with other lessor prizes.
It is my opinion that the "Michigan Lottery" contains the elements of prize, chance and consideration, and is thus an illegal lottery under ch. 945, Stats., when any of the constituent elements of such a lottery takes place in the State of Wisconsin.
In Wisconsin, the word "lottery" is a generic term dealing with a variety of activity. As defined by see. 945.01 (2) (a), Stats.: "A lottery is an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance, even though accompanied by some skill." Thus a lottery, being defined as an "enterprise," includes all the various devices, schemes, games, plans, etc., wherein a participant has an opportunity to win a prize determined by chance and based upon a consideration. Furthermore, as will be discussed below, those persons who are involved in the promotion or operation of distributing a lottery to the public or who organize the lottery, give away the prize, sell or give away the tickets, or are otherwise involved in the management, control, direction, promotion or setting up of a lottery are guilty of a crime under ch. 945, Stats., if such activity or any constituent element of such activity takes place in the State of Wisconsin.
(1) MAY MICHIGAN LOTTERY TICKETS BE SOLD IN WISCONSIN UNDER ANY CIRCUMSTANCES?
The answer to this question is "No" as the sale of lottery tickets within the borders of this state is a violation of sees.945.05 (1) (a), 945.02 (3) or 945.03 (4), Stats. Section 945.05
(1) (a) provides, in part, as follows:
"Whoever . . . transfers commercially or possesses with intent to transfer commercially . . . anything which he knows evidences, purports to evidence or is designed to evidence participation in a lottery. . . ."
The word "transfers" is defined by our Criminal Code in sec.939.22 (40), and as defined, the word "transfers" would be synonymous with the word "sale." Furthermore, the word "transfers" would encompass even a non-monetary exchange of a *Page 188 
Michigan lottery ticket. Whether a transfer of a Michigan lottery ticket is done "commercially" will depend upon the fact situation. Certainly, if the seller makes a profit from the sale of a lottery ticket, he has engaged in a commercial transfer. However, the word "commercially" should not be limited to monetary transfers. There may be non-monetary transfers which, according to the facts surrounding such a transfer, amount to a "commercial" benefit to the transferor.
The sale of Michigan lottery tickets within this state may also be a violation of sec. 945.03 (4) or sec. 945.02 (3). While these two sections are similar, sec. 945.03 (4) more aptly applies to your question because the consideration and prize of the Michigan lottery are money. However, my discussion of sec. 945.03 (4) would also be applicable to sec. 945.02 (3). Section 945.03 (4) reads, in part, as follows:
"Whoever intentionally does any of the following is engaged in commercial gambling . . . (4) Conducts a lottery where both the consideration and the prize are money, or with intent to conduct such a lottery, possesses facilities to do so. . . ."
It is my opinion that a person does "conduct a lottery" by the sale or dissemination of lottery tickets to the public. A lottery, such as the Michigan lottery, depends for its very existence upon the sale of tickets to the public. The State of Michigan, by the sale of tickets through its authorized agents, is conducting a lottery in that state by running an enterprise whereby individuals are given, for a consideration, an opportunity to win a prize awarded on the basis of chance. Similarly, an individual who sells lottery tickets in Wisconsin is also conducting a lottery, i.e., an enterprise whereby individuals are given, for a consideration, an opportunity to win a prize awarded on the basis of chance.
It is the public policy of this state as expressed by Art. IV, sec. 24, Wis. Const., and as expressed by the legislature, that lotteries are undesirable. While Art. IV, sec. 24 has been amended twice to allow for limited types of lotteries to be conducted in this state, the general anti-lottery prohibition remains as follows: "The legislature shall never authorize any lottery. . . ." Because of this strict constitutional anti-lottery stance, lotteries have traditionally been viewed restrictively by the courts, legislature and attorneys general. *Page 189 Kayden Industries, Inc. v. Murphy (1967), 34 Wis.2d 718, at 724,150 N.W.2d 447.
Since a "lottery" is deemed undesirable in this state, the presentation of a lottery by the sale of lottery tickets to the public is similarly odious. The sale or dissemination of lottery tickets to the Wisconsin public is such an integral part of a lottery that those who engage in such sales or transfers must be considered as conducting a lottery.
The legislative history of sec. 945.03 (4) supports my conclusion that the sale of lottery tickets was intended to be included under the statutory prohibition against conducting a lottery. Before the Criminal Code was finally revised in 1955, the following section expressly prohibited the sale of lottery tickets:
"Any person who shall sell, either for himself or for another person, or shall offer for sale, or shall have in his possession with intent to sell or offer for sale, or to exchange or negotiate, or shall in any wise aid or assist in selling, negotiating or disposing of a ticket in any such lottery, or a share of a ticket, or any such writing, certificate, bill, token or other device as is mentioned in section 348.01 shall be punished by fine not exceeding five hundred dollars." [Section348.02, Stats., 1953]
The revision of the Criminal Code began with Assembly Bill 100 in 1953. The Wisconsin Legislative Council prepared comments for each new section of the Code. In Volume V of the Legislative Council Reports of 1953, at page 155, a comment concerning the proposed subsec. 345.03 (4), now subsec. 945.03 (4), stated as follows:
"Subsection (4) restates provisions in four old statutes dealing with persons connected with running a lottery or policy game, which is a form of lottery. These provisions were found in348.01 Setting up or promoting lottery, 348.02 Selling ticketsetc., 348.03 Advertising tickets and 348.171 `Policy' shop:`policy' game."
As this comment indicates, the sale of lottery tickets became prohibited by subsec. 345.03 (4), now subsec. 945.03 (4). These comments are an interpretive aid and have been cited several times by our Supreme Court including a citation in a case involving a lottery question, Kayden Industries, supra, at page 726. *Page 190 
You have brought to my attention the fact that the State of Michigan may soon be involved in the direct sale of lottery "tickets" to residents of Wisconsin. As you have indicated, apparently Michigan authorities intend to conduct such a sale to Wisconsin residents by the United States mail. However, such a proposal has not yet been finalized and I therefore cannot form an opinion as to the validity or invalidity of such a scheme at this time. It should be noted that Wisconsin prohibits the sale of lottery tickets within our borders. If Michigan or any of its political subdivisions, or any other state, does in fact sell lottery "tickets" within the borders of Wisconsin, such action may constitute a violation of Wisconsin criminal law. I do not intend to discuss the various constitutional provisions dealing with one state suing another state under the criminal law since Michigan has not yet embarked upon such a hazardous course.
(2) MAY MICHIGAN LOTTERY TICKETS BE LEGALLY POSSESSED IN WISCONSIN?
Generally, the mere possession of Michigan lottery tickets in Wisconsin is not unlawful under our statutes. Therefore, if a Wisconsin resident purchases lottery tickets in Michigan for his own private use and then returns to this state, he would not be violating any Wisconsin law by his possession of such tickets. However, there are situations where possession of such tickets could amount to criminal violations. For example, under see.945.05 (1) (a), the possession with intent to commercially transfer lottery tickets is prohibited. Furthermore, under secs.945.02 (3) and 945.03 (4), it is unlawful to possess tickets with the intent to conduct a lottery.
(3) COULD A WISCONSIN RESIDENT LEGALLY PURCHASE MICHIGAN LOTTERY TICKETS THROUGH THE MAIL?
A Wisconsin resident would not be violating any Wisconsin law by purchasing Michigan lottery tickets through the mail if he intended to use these tickets for his own private use. However, the purchase by mail of a Michigan lottery ticket may be a violation of Title 18 of the United States Code, section 1302 which makes it illegal for anyone to send or deposit in the mail any check, draft, bill, money, postal note, or money order for the purchase of lottery *Page 191 
tickets. Also, if a Wisconsin resident was purchasing lottery tickets by the mails as a part of a scheme to transfer such tickets commercially or as part of a scheme to conduct a lottery, he might then be liable under secs. 945.05 (1) (a), 945.02 (3) or945.03 (4).
Your question dealt primarily with those persons who would be participating in the Michigan lottery by mail. However those persons who sell such a ticket to Wisconsin residents might possibly be in violation of ch. 945 of the Wisconsin Statutes or Title 18 of the United States Code, section 1302 or Title 39 of the United States Code, section 3001.
(4) MAY A WISCONSIN RESIDENT LEGALLY WIN AND RECEIVE A PRIZE IN THE MICHIGAN LOTTERY WHEN HE IS IN WISCONSIN AT THE TIME OF THE DRAWING?
The answer to this question depends upon the construction of the forfeiture statute, sec. 945.10, Stats., which reads as follows:
"Anything of value received by any person as a prize in any lottery conducted in violation of this chapter shall be forfeited to the state and may be recovered in any proper action brought by the attorney general or any district attorney in the name and on behalf of the state."
It is clear from the wording of this section that a lottery must have been "conducted in violation of this chapter . . ." before the State may begin forfeiture proceedings. A lottery is only conducted in violation of Wisconsin law when the State has subject matter jurisdiction over the offense. "It is elementary that a court may act only upon crimes committed within the territorial jurisdiction of the sovereignty seeking to try the offense." Hotzel v. Simmons (1951), 258 Wis. 234, 240,45 N.W.2d 683. Statutorily, the jurisdiction of the State of Wisconsin over crime is set forth in sec. 939.03, Stats. If a lottery has been conducted so that there is sufficient contact with this state pursuant to sec. 939.03, then it can be said that the lottery has been conducted in violation of this chapter and the State may initiate a forfeiture proceeding.
RWW:SLM *Page 192