ROBERT D. ZAPF, District Attorney Kenosha County
You ask whether the dissemination of out-of-state lottery tickets in Wisconsin by local business establishments, with orwithout a purchase of other merchandise, is a violation of the criminal code under chapter 945, Stats.
Section 945.05 (1)(a) provides that: "Whoever . . . transfers commercially or possesses with intent to transfer commercially . . . [a]nything which he knows evidences, purports to evidence or is designed to evidence participation in a lottery . . ." is engaged in a Class E felony.
The issue presented is whether a merchant who gives a lottery ticket without charge to a customer upon the condition of purchasing other merchandise or gives a customer a lottery ticket for merely visiting the merchant's place of business, without any purchase being necessary, "transfers commercially" the lottery ticket.
62 Op. Att'y Gen. 186, 188-89 (1973), sets forth the basic state policy concerning lotteries:
 It is the public policy of this state as expressed by Art. IV, sec. 24, Wis. Const., and as expressed by the legislature, that lotteries are undesirable. While Art. IV, sec. 24 has been amended twice to allow for limited types of lotteries to be conducted in this state, the general anti-lottery prohibition remains as follows: "The legislature shall never authorize any lottery. . . ." Because of this strict constitutional anti-lottery stance, lotteries have traditionally been viewed restrictively by the courts, legislature and attorneys general. Kayden Industries, Inc. v. Murphy (1967), 34 Wis.2d 718, at 724, 150 N.W.2d 447.
This 1973 opinion specifically answered the question whether out-of-state lottery tickets could be sold in Wisconsin. The answer was no. The opinion went on to say at page 188, "[t]he word `commercially' should not be limited to monetary transfers. There may be non-monetary transfers which, according to the facts surrounding *Page 48 
such a transfer, amount to a `commercial' benefit to the transferor."
It is my opinion that just such facts exist in the examples you present. A liquor store offering a "free" lottery ticket with each $20 purchase certainly is receiving a commercial benefit from the transfer. A new car dealer offering a "free" lottery ticket if a person takes a test drive in a new car would also receive a commercial benefit from the transfer. Both such promotions would be in violation of section 945.05 (1)(a).
It is my opinion that commercial benefit extends to the mere visit by a customer to pick up a lottery ticket at a merchant's place of business even though no further act, such as a test drive or purchase, is required of that customer. A long line of Wisconsin cases has held that a visit to a mercantile establishment or other place without being required to make a purchase or pay an admission fee constitutes consideration for lottery purposes. See State ex rel. Regez v. Blumer,236 Wis. 129, 294 N.W. 491 (1940) and State ex rel. Cowie v. La CrosseTheaters Co., 232 Wis. 153, 286 N.W. 707 (1939). The increased floor traffic and opportunity for the merchant to sell other merchandise amount to a commercial benefit to the transferor and therefore a violation of section 945.05 (1)(a).
BCL:SJN *Page 49