Rodney W. RIPLEY, Plaintiff-Appellant,

v.

John L. BROWN, Washburn County Clerk, and
Washburn County, a Wisconsin municipality,
Defendants-Respondents.†

Court of Appeals

*No. 86–2027. Submitted on briefs May 11, 1987.—Decided
September 15, 1987.*

(Also reported in 415 N.W.2d 550.)

† Petition to review granted.

For plaintiff-appellant, there was a brief by *Eugene D. Harrington,* of Spooner.

For the defendants-respondents, there were briefs filed by *Donald J. Hanaway,* attorney general, and *Alan M. Lee,* assistant attorney general, and *Jeffrey R. Kohler,* district attorney for Washburn County, Shell Lake.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Rodney Ripley appeals a summary judgment dismissing his action to compel Washburn County and its clerk, John L. Brown, to place the office of county surveyor on the 1984 general election ballot. Ripley contends that the statute pursuant to which the county decided to appoint a county surveyor, sec. 59.12, Stats., is unconstitutional because a county surveyor is an "elected county officer[]" under the Wisconsin Constitution. We conclude that the appointment provision of sec. 59.12 is unconstitutional because art. VI, sec. 4, of the Wisconsin Constitution, as interpreted by a prior decision, *State ex rel. Williams v. Samuelson,* 131 Wis. 499, 111 N.W. 712 (1907), requires the county surveyor be elected. We reverse.

Although Ripley sought to place the office of county surveyor on the 1984 ballot thus rendering the

issue moot, we may reach the merits of the question where it presents an issue of great public importance or the situation will arise with sufficient frequency to warrant a definitive decision to guide trial courts in similar instances. *See State ex rel. McDonald v. Circuit Court,* 100 Wis. 2d 569, 572–73, 302 N.W.2d 462, 463 (1981).

The parties stipulated to the relevant facts. Ripley desired to run for the office of county surveyor and therefore asked Brown to place the position on the 1984 ballot. Brown refused because the position had been made an appointive one by the Washburn County Board of Supervisors pursuant to sec. 59.12. The relevant portion of the statute, as amended by sec. 1, ch. 499, Laws of 1969, provides:

> In lieu of electing a surveyor in any county, the county board may, by resolution designate that the duties under ss. 59.60 and 59.635 be performed by any registered land surveyor employed by the county.

Article VI, sec. 4, states in pertinent part:

> Sheriffs, coroners, registers of deeds, district attorneys, and *all other elected county officers* except judicial officers and chief executive officers, shall be chosen by the electors of the respective counties once in every 2 years. (Emphasis added.)

Ripley brought suit,[1] charging that the foregoing language in sec. 59.12 was unconstitutional. The trial

___

[1]Ripley brought an order to show cause in the circuit court why Brown should not be required to place the land surveyor position on the ballot. Section 5.72(3), Stats. Following an order to show cause hearing, the court adjourned the action for the filing of

court concluded that language recited was constitutional and awarded summary judgment to the county.

Ripley bears a heavy burden in challenging the constitutionality of sec. 59.12, since we presume that a statute is constitutional. *County of Milwaukee v. Proegler,* 95 Wis. 2d 614, 629, 291 N.W.2d 608, 615 (Ct. App. 1980).

> It is not enough that [the challenger] establish doubt as to the act's constitutionality nor is it sufficient that [the challenger] establish the unconstitutionality of the act as a probability. Unconstitutionality of the act must be demonstrated beyond a reasonable doubt. Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality.

*State ex rel. Hammermill Paper Co. v. LaPlante,* 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973).

Where, as here, the material facts are undisputed, the trial court may determine a statute's constitutionality on a motion for summary judgment. *See Burlington Northern, Inc. v. City of Superior,* 131 Wis. 2d 564, 567, 573, 388 N.W.2d 916, 918, 920 (1986). We decide such constitutional questions without deference to the trial court's conclusion. *Id.* at 573, 388 N.W.2d at 921. The constitution or a constitutional amendment prevails over any legislative act to the contrary. *Kayden Indus., Inc. v. Murphy,* 34 Wis. 2d 718, 733, 150 N.W.2d 447, 454 (1967). Thus, if a county land

a complaint and service upon the attorney general pursuant to sec. 806.04(11), Stats. The attorney general declined to intervene.

surveyor is an "elected county officer[]" in the constitutional sense, the legislature's provision in sec. 59.12 that the surveyor may be appointed is unconstitutional.

The principal rule of construction of constitutional amendments was reiterated in *Kayden,* 34 Wis. 2d at 729–30, 150 N.W.2d at 452 (quoting *State ex rel. Ekern v. Zimmerman,* 187 Wis. 180, 184, 204 N.W. 803, 805 (1925) (citation omitted)):

> The purpose of construction of a constitutional amendment is to give effect to the intent of the framers and of the people who adopted it; "and it is a rule of construction, applicable to all Constitutions that they are to be construed so as to promote the objects for which they were framed and adopted." [Case cited.] "But the intent is to be ascertained, not alone by considering the words of any part of the instrument, but by ascertaining the general purpose of the whole, in view of the evil which existed calling forth the framing and adopting of such instrument, and the remedy sought to be applied; and when the intent of the whole is ascertained, no part is to be construed so that the general purpose shall be thwarted, but the whole is to be made to conform to reason and good discretion."

We may consider external sources to further our historical analysis. *See Kayden,* 34 Wis. 2d at 730–31, 150 N.W.2d at 452–53.

Where there is no ambiguity in the literal terms of a constitutional provision, there is no room for judicial construction. *State ex rel. Neelen v. Lucas,* 24 Wis. 2d 262, 267, 128 N.W.2d 425, 428 (1964). Here, however, the term "elected county officer[]" is ambigu-

ous. Article VI, sec. 4, as it existed after 1882, has been declared ambiguous by the supreme court because if read literally it would work an absurd or unreasonable result by impliedly repealing the appointment powers granted the legislature in art. XIII, sec. 9. *See Samuelson,* 131 Wis. at 505, 111 N.W. at 714.

When art. VI, sec. 4, was created in 1848, that provision read as follows:

> Sheriffs, coroners, registers of deeds, and district attorneys shall be chosen by the electors of the respective counties, once in every two years, and as often as vacancies happen.

The original Wisconsin Constitution also provided in art. XIII, sec. 9, that:

> All county officers whose election or appointment is not provided for by this constitution, shall be elected by the electors of the respective counties, or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct.

In 1848, then, county surveyor was clearly not a constitutionally mandated elective position, but one left to be filled as the legislature directed.

The language of art. VI, sec. 4, was amended in 1882. The amended section read:

> Sheriffs, coroners, registers of deeds, district attorneys, and all other county officers, except judicial officers, shall be chosen by the electors of the respective counties, once in every two years.

Ripley contends that the 1882 amendment made mandatory the election of county surveyors because they were "county officers." Ripley's argument is based on a plain reading of the amendment: "[A]ll

452

other county officers" meant just that, nothing more, nothing less.

The plain language of art. VI, sec. 4, as amended in 1882, is not determinative of Ripley's case, however, since art. XIII, sec. 9, remained on the books unchanged. The language of the latter provision still contemplated both elective and appointive county offices. Were we to read art. VI, sec. 4, as amended, to mandate the election of all county officials other than judicial and chief executive officers, we would be required to conclude that the legislature impliedly repealed art. XIII, sec. 9. In harmonizing these two provisions, *Samuelson,* 131 Wis. at 505, 111 N.W. at 714, applied the familiar principle that implied repeals are not favored.

In *Samuelson,* 131 Wis. at 510–13, 111 N.W. at 715–17, our supreme court addressed and resolved the question of the relationship between the 1882 amendment to art. VI, sec. 4, and art. XIII, sec. 9. *Samuelson* considered whether a county board could appoint a county supervisor of assessment, an office created by the legislature in 1901, for a three-year term. The defendant office holder claimed that art. XIII, sec. 9, made his appointment valid. Justice Roujet Marshall, writing for the court, concluded that the legislature, in proposing the 1882 amendment to art. VI, sec. 4, did not intend to bind its own hands by precluding appointment of minor county officials pursuant to art. XIII, sec. 9, and related statues. *Id.* at 512–13, 111 N.W. at 716–17.

According to the *Samuelson* court, however, the phrase "all other county officers" in art. VI, sec. 4, does include all those officers considered as elected county officials under the constitution and the early statutes. *Id.* at 511–12, 111 N.W. at 716. Thus, after

453

1882, the previously statutorily elected county officers became constitutionally elected officers, and the legislature was still free to create new county offices under art. XIII, sec. 9, and fill them as they saw fit. *Id.*[2]

[2]Justice Marshall wrote:

> At the time of the adoption of the constitution there was a county system of government with the ordinary principal heads, such as sheriffs, coroners, district attorneys, county treasurers, *county surveyors,* registers of deeds, county commissioners, and clerks of such commissioners, who performed substantially the duties now performed by county clerks. The constitution was adopted largely with reference to that situation.
>
>   . . . .
>
> Following the constitutional plan in the first revision of the statutes a chapter was devoted to the subject of counties and county officers. That included ... *county surveyors.* Ch. 10, R.S. 1849.
>
>   . . . .
>
> It seems quite plain that sec. 4, art. VI, from the beginning dealt with county officers in the restrictive sense,—the recognized heads of the several divisions of county government as treated in the statutes from the beginning under the head of county officers, and that sec. 9 in the opening lines refers to such county officers and in the closing lines to such other county officers as the legislature might from time to time create, reserving to it authority to provide for filling the offices either [by] election or appointment.
>
>   . . . .
>
> Without further discussion we are constrained to hold that the term "all other county officers" was used in the instance in question in harmony with the statutory division of officers into state, county, and town officers existing at the time of its incorporation into the fundamental law. In other words, in its particular sense—that of heads of the several major divisions of county government as then understood,—and without any thought of surrendering the legislative power mentioned in sec. 9, art. XIII, . . . .

*Samuelson,* 131 Wis. at 510–12, 111 N.W. at 715–16 (emphasis supplied).

A check of statutory history reveals that prior to the 1969 amendment to sec. 59.12, the position of county surveyor had existed in Wisconsin as an elected county office since the state's first codification of its laws almost a century and a half ago. Sections 127 and 135, Stats. (1849). Since the surveyor was elected prior to the 1882 amendment, according to *Samuelson* that amendment gave the office constitutional status.

It was the circuit court's conclusion that the 1882 amendment was aimed only at establishing the length of the terms of county officers. The phrase "all other county officers," the trial court reasoned, was added to those "chosen ... every two years" only to make uniform the length of terms of all officers, whether elected by constitutional mandate or direction of the legislature as permitted under art. XIII, sec. 9. We do not quarrel with the trial court's logic.

This court and the circuit court, however, are bound by the holding of *Samuelson* that a county surveyor is a county officer within the meaning of art. VI, sec. 4, as amended in 1882. *See Livesey v. Copps Corp.,* 90 Wis. 2d 577, 581, 280 N.W.2d 339, 341 (Ct. App. 1979).

This does not end our inquiry. Article VI, sec. 4, was again amended in 1982 to read "and all other *elected* county officers." (Emphasis added.) We conclude that the addition of the word "elected" was merely for purposes of clarification of the existing law and did not change the meaning of the 1882 language.

Although the drafting file for the 1982 amendment does not contain any indication of the intent of the legislature in proposing the addition to the constitutional language, several factors support our conclu-

sion that county surveyor must remain an elective office by constitutional mandate.

First, *Samuelson* has never been overruled. In fact, the *Samuelson* rule has been repeatedly referred to in deciding questions concerning county officials. *See, e.g., State ex rel. Gubbins v. Anson,* 132 Wis. 461, 112 N.W. 475 (1907); *State ex rel. Langland v. Manegold,* 163 Wis. 69, 157 N.W. 535 (1916); *Schultz v. Milwaukee County,* 245 Wis. 111, 13 N.W.2d 580 (1944). The legislature is presumed to act with full knowledge of existing laws, including court decisions interpreting legislative acts. *See Joint School Dist. No. 2 v. State,* 71 Wis. 2d 276, 283, 237 N.W.2d 739, 743 (1976). Since *Samuelson* read art. VI, sec. 4, to mean *"elected"* county officers, the 1982 amendment merely explicitly recognized the court's interpretation.

Second, when the legislature in 1965 sought to abolish the office of county surveyor in counties of more than 500,000 people, it did so by means of a constitutional amendment.[3] The legislature itself apparently believed that the office of county surveyor was a constitutionally elective office, or it would have changed the law by statute.

Finally, as the attorney general concedes:

> [E]ven assuming the 1982 amendment was intended to and did somehow alter the requirement for the election of certain county officers, including surveyors, that amendment was adopted subsequent to the statutory amendment to sec. 59.12, Stats., by [sec. 1, ch. 499] Laws of 1969, here under consideration. Most courts conclude that an unconstitutional statute is not validated by a subsequent

---

[3]Article VI, sec. 4, as amended by 1965 J.R. 5 and a vote of April 1965.

constitutional amendment which would merely authorize the enactment of such a statute. *See* 16 Am. Jur. 2d *Constitutional Law* sec. 259 (1979). An unconstitutional law is as if such law had never been enacted. *State ex rel. Ballard v. Goodland,* 159 Wis. 393, 150 N.W. 488 (1915). In legal contemplation it has no existence. *State ex rel. Kleist v. Donald,* 164 Wis. 545, 160 N.W. 1067 (1917). A statute unconstitutional on its face is void from its beginning to its end. *State ex rel. Skinkis v. Treffert,* 90 Wis. 2d 528, 280 N.W.2d 316 (Ct. App. 1979). Therefore, the 1982 amendment is simply not relevant to any discussion of the constitutionality of such a statute, enacted years before, much less to any discussion of the effect of a constitutional provision, enacted 100 years previous.[4]

Attorney General's brief at 14–15.

---

[4]The attorney general participated only upon order of the court. We acknowledge the difficulty presented by our order. The purpose of sec. 806.04(11), Stats., is to give the attorney general the opportunity to defend a statute against a claim of unconstitutionality. *Town of Walworth v. Village of Fontana-on-Geneva-Lake,* 85 Wis. 2d 432, 435–36, 270 N.W.2d 442, 444 (Ct. App. 1978). Where, as here, the attorney general concludes that the statute is unconstitutional:

> The Attorney General is thus left in the uncomfortable position of having to choose among possible constitutional issues, one involving the Legislature, the other involving the judiciary. This brief is filed in part to assist the court in considering the constitutional issue which involves the Legislature, but it also underscores the latent constitutional issue which inheres in such a referral to this office, particularly under circumstances where it has already been determined by the Attorney General's office that it does not wish to be heard on the matter.

Attorney General's brief at 2.

Because the position of county surveyor is an elected county office under art. VI, sec. 4, of the Wisconsin Constitution, sec. 59.12, which provides for optional election or appointment to the position, is unconstitutional. We therefore reverse the judgment and declare the portion of sec. 59.12 that permits appointment of county surveyors unconstitutional.

*By the Court.*—Judgment reversed.