ALEX J. RAINERI, District Attorney, Iron County
You inquire whether the Wisconsin Statutes provide that the district attorney perform ministerial or clerical functions in connection with the drafting of petitions which invoke juvenile court jurisdiction under ch. 48, Stats.
Section 59.47 (11), Stats., requires the district attorney to "Perform any duties in connection with juvenile court proceedings as the juvenile court judge may request." Section 48.04 (3), Stats., provides that "The district attorney shall perform any duties in connection with court proceedings as the judge may request." These sections were created by secs. 7 and 20a, ch. 575, Laws of 1955. A 1955 Legislative Council Note states the following in reference to these enactments:
"This [59.47 (11)] is a new statutory provision although it appears to be the law at the present time. See, for example, 7 Ops. Atty. Gen. 625 (1918); 25 Ops. Atty. Gen. 549 (1936); 34 Ops. Atty. Gen. 337 (1945). Exactly the same provision appears in proposed s. 48.04, but since this section deals specifically with the duties of the district attorney it is desirable to repeat it here. [Bill 444-S]" *Page 274 
In 34 OAG 337 (1945), a predecessor, in addressing an inquiry as to the duty of a district attorney to participate in juvenile proceedings, concluded at page 340:
". . . It is therefore the duty of the district attorney to participate in such proceedings if he has notice that they are pending. The extent of his participation may be left to his goodjudgment, depending on the circumstances of each case." (Emphasis supplied).
In 57 OAG 122 (1968), my predecessor was asked whether sec.51.02 (3), Stats., similar in directory substance to secs. 48.04
(3) and 59.47 (11), Stats., imposed the duty upon the district attorney to prepare and submit the application and process referred to in sec. 51.01 of the Mental Health Act. Section 51.02
(3), provided as follows:
"(3) DISTRICT ATTORNEY TO HELP. If requested by the judge, the district attorney shall assist in conducting proceedings under this chapter."
That opinion, relying in part on the quoted portion of 34 OAG 337, supra, concluded that sec. 51.02 (3), Stats., did not impose any clerical and ministerial functions upon the district attorney's office, and further indicated, at page 124:
". . . Assistance in conducting the proceedings indicates that in some instances the court may desire that the district attorney examine witnesses, verify documents or other exhibits or have the benefit of the district attorney's observations on the evidence. The clerical and ministerial duties remain where the statutes impose them."
The Attorney General opinions referred to in the above-quoted legislative note are consistent with 57 OAG 122 and relate generally to the duty of the district attorney "to assist in such juvenile hearing[s]" or "appear in juvenile court proceedings." More recently, in 60 OAG 449 (1971), secs. 48.04 (3) and 59.47
(11), Stats., have been likewise interpreted as vesting discretion in the juvenile court judge "to admit or exclude thepresence of the district attorney in juvenile proceedings." I conclude, therefore, that these sections do not of themselves impose on the district attorney the duty to perform the ministerial or clerical functions involved in the *Page 275 
drafting of petitions intended to invoke juvenile court jurisdiction under secs. 48.12 and 48.13, Stats.
However, in this instance, additional statutes must be considered in order to fully respond to your inquiry. Section48.19, Stats., provides that where an investigation, based on information furnished the court, shows that a child is within the jurisdictional provisions of sec. 48.12 or 48.13, Stats., the court may "authorize" the filing of a petition under sec. 48.20, Stats. To "authorize" and to "permit" have been held to be synonymous. State v. Laven (1955), 270 Wis. 524, 529,71 N.W.2d 287. Section 48.20 (2), Stats., provides in part that the verified petition "shall be drafted by a suitable person designated by the court."
From a reading of secs. 48.19 and 48.20, Stats., it is apparent that the person authorized by the court to submit a juvenile court petition will normally be either the person whose firsthand knowledge or information concerning the circumstances originally engendered the investigation or some person who has acquired such knowledge or information in the course of the investigation required by the court. Normally, the district attorney will not be such a person. However, where the petition would be based on information initially imparted to the court by the district attorney, it is conceivable that the court might designate him as an appropriate person to draft the petition in that specific instance.
In 18 OAG 573 (1929), which interpreted sec. 48.06 (1), 1929 Stats., provisions of which are now incorporated into secs. 48.19
and 48.20, Stats., the following is stated at page 575:
"Under sec. 48.06 (1) it clearly appears that the juvenile court is the one to pass upon the question whether a petition shall be made charging a child with delinquency, etc. The district attorney should not make a petition to the court if hehas knowledge of the delinquency of the child unless ordered or requested to do so by the juvenile court. The only step that a district attorney can take is to inform the court of the delinquency of the child. The information to the court is not an action, application or motion within contemplation of sec. 59.47, above quoted, so that it is very clear that it is not intended that the district attorney should appear in court in all cases where information is given to the court concerning the delinquency of children. *Page 276 
* * *
"In view of the fact that the proceeding against a child in the juvenile court is not to be considered a criminal proceeding or prosecution as clearly appears from sec. 48.07 (3), Stats., I believe the proper practice to be pursued is for the district attorney to appear in all juvenile proceedings before the juvenile court after a petition has been presented when the juvenile court requests the district attorney to appear and aid the court in disposing of the matter." (Emphasis supplied).
Thus, the duties of the district attorney under secs. 48.04 (3) and 59.47 (11), Stats., relate only to appearing or assisting in juvenile court proceedings and do not normally include the performance of ministerial or clerical functions in connection with the drafting of juvenile court petitions.
RWW:JCM