STEPHEN M. NEEDHAM, District Attorney Rock County
You have requested my opinion on two questions: First, who may serve the notice of a juvenile hearing required under chapter 48, Stats., and, second, may the juvenile court require the district attorney to serve the notice.
Section 48.273(2) provides: "Service of summons or noticerequired by this chapter may be made by any suitable person underthe direction of the court."
An examination of chapter 48 reveals that there are a number of persons who would qualify as a "suitable person under the direction of the court" for the purpose of serving a summons or notice pursuant to section 48.273(2). They include a clerk of court for juvenile matters (section 48.04(1)), juvenile court commissioners (section 48.065(2)(h)) and intake workers (section48.067(9)).
In my opinion, the district attorney cannot be required by the juvenile court to serve the summons or notice required by chapter 48. Nowhere in chapter 48 is the district attorney put "under the direction of the court" for the purpose of serving the summons or notice required by that chapter nor is such service enumerated in the statutes as one of the duties of the district attorney. Section 59.47(11) requires the district attorney to "[p]erform any duties in connection with court proceedings in a court assigned to exercise jurisdiction under ch. 48 as the judge may request." That section, however, does not include the performance of ministerial or clerical functions, such as service of the summons or notice required by chapter 48. See 62 Op. Att'y Gen. 273 (1973).
The fact that this opinion was issued prior to the major changes brought about by the adoption of the 1977 Children's Code does not reduce its applicability under the current juvenile court system. Rather, it enhances it. For prior to those changes the district attorney was not required to perform the function of filing juvenile court petitions. It is only because of those changes that the district attorney is required to perform this ministerial or clerical function. Thus, absent a statute requiring the district attorney to perform the ministerial or clerical function of serving the notice required by *Page 147 
chapter 48, the district attorney, for the reasons stated in 62 Op. Att'y Gen. 273 (1973), cannot be required to perform this function.
It should also be noted, however, that if the district attorney is otherwise involved in the juvenile proceeding, he or she, as an officer of the court, may have an obligation to assist the court in carrying out its duties under chapter 48, including serving any required summons or notice. Whether this would be true in a particular situation would depend on the circumstances involved in that case. Since, as noted above, chapter 48 directs a number of people to assist the juvenile court in carrying out its functions, the aid of the district attorney for serving a summons or notice should seldom be needed by the court, and for the court to order the district attorney to provide such aid when others specifically directed by statute to provide such assistance to the court are available could amount to a discretionary order of questionable validity.
Finally, it should be noted that there is nothing wrong with a district attorney voluntarily serving a summons or notice required by chapter 48. In fact, a number of district attorneys do perform this function and such practice appears to work well in many counties. In assisting the court in this fashion, the district attorney acts as an officer of the court and aids the court in the administration of justice. As such, this practice is to be encouraged.
BCL:JJG